UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **WILLIE LEE WINZER** | **CIVIL ACTION NO. 20-1204-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **26TH JUDICIAL DISTRICT COURT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Willie Lee Winzer ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on September 15, 2020. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. He complains that his civil rights were violated during his criminal trial proceedings and incarceration. He names the 26th Judicial District Court, Judge Michael Craig, Assistant District Attorney Dale Montgomery, Attorney J. Antonio Florence, the State of Louisiana, and the Parish of Bossier as defendants.

Plaintiff claims that on February 27, 2019, he filed a pro-se motion to suppress in the Louisiana Twenty-Sixth Judicial District Court ("Court"). He claims the Court ignored his motion until July 16, 2019. Plaintiff claims he also filed a pro-se motion for preliminary

examination and a pro-se motion for writ of habeas corpus. He claims the Court granted his pro-se motions and set a contradictory hearing for August 13, 2019.

Plaintiff claims that on August 13, 2019, his attorney adopted all three of his pro-se motions. He claims the Court ordered a continuance until September 19, 2019 without stating reasons.

Plaintiff claims the Court removed his attorney from his case without stating the reasons for the record. He claims he was not notified prior to the removal of his attorney. He believes the removal was against his best interest.

Plaintiff claims that on September 19, 2019, attorney J. Antonio Florence was assigned to represent him. He claims Florence has not met with him since being assigned and only talked to him for approximately 15 minutes before his hearing. He claims Florence has provided him with ineffective assistance of counsel.

Plaintiff claims that on September 23, 2019, he filed a pro-se motion for a fast and speedy trial. He claims the Court granted his motion on October 23, 2019 and set a contradictory hearing for December 10, 2019. Plaintiff claims that after his December 10, 2019 court appearance, his motions were reset for jury trial on January 27, 2020. He claims Florence did not appear for his scheduled trial date.

Plaintiff claims his trial was rescheduled for March 12, 2020. He claims Judge Craig granted his motion for speedy trial and his trial date was set for April 20, 2020. He claims he informed Judge Craig that this date exceeded the 120-day limitation period because his motion was filed on September 23, 2019 and his attorney adopted the motion

on December 10, 2019. He claims Judge Craig referred him to Louisiana Code of Criminal Procedure Article 701. Plaintiff claims that on March 18, 2020, he filed a pro-se motion to quash based on a violation of Article 701, the Speedy Trial Act, procedural errors, and other violations. He claims his motion was granted on April 23, 2020 and set for contradictory hearing on July 16, 2020. He claims Florence failed to appear for the hearing. He claims that after 18 months of incarceration, a status conference was scheduled for August 27, 2020. He claims that on August 27, 2020, the courts were closed because of a tropical storm and the Court reset his hearing for November 6, 2020. He claims that at the November 6, 2020, hearing, the Court claimed he did not provide his attorney with his pro-se motion to quash.

Plaintiff claims he provided his attorney with a copy of the pro-se motion to quash through the Indigent Defender's Office because he never met with his attorney, did not have his attorney's address, and his attorney never visited him at the jail. Plaintiff claims Judge Craig denied his motion to quash. He claims Judge Craig set his trial date for February 8, 2021, which was past the two-year time limitation period provided for in Louisiana Code of Criminal Procedure Article 578. He claims the bill of information against him was filed on January 31, 2019.

Plaintiff claims Judge Craig and Assistant District Attorney Montgomery presented negligent and erroneous information which resulted in violations of the U.S. Constitution and Louisiana Code of Criminal Procedure Articles.

Accordingly, Plaintiff seeks to quash the pending indictment and/or conviction, monetary compensation, punitive damages, any other relief to which he is entitled, and the appointment of an attorney.

## LAW AND ANALYSIS

**Twenty-Sixth Judicial District Court and Judge Michael Craig**

Plaintiff claims the Louisiana Twenty-Sixth Judicial District Court ("Court") ignored his motion to suppress from February 27, 2019 until July 16, 2019. He claims the Court continued his contradictory hearing set for August 13, 2019 to September 19, 2019 without stating reasons. He claims the Court removed his attorney without stating reasons and he was not notified prior to the removal of his attorney. He claims Judge Craig was incorrect regarding the time limitation period for a speedy trial. He claims Judge Craig denied his motion to quash. He claims Judge Craig set his trial date for February 8, 2021, which is past the two-year limitation period provided for in Louisiana Code of Criminal Procedure Article 578. He claims Judge Craig presented negligent and erroneous information which resulted in violations of the US Constitution and Louisiana Code of Criminal Procedure Articles.

Plaintiff cannot maintain these claims against the Court or Judge Craig. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's

court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claims against the Louisiana Twenty-Sixth Judicial District Court and Judge Michael Craig should be dismissed with prejudice as frivolous.

**Ineffective Assistance of Counsel**

Plaintiff claims his appointed attorney J. Antonio Florence provided him with ineffective assistance of counsel. He claims Florence did not appear for his scheduled trial date or other hearings. He also claims Florence did not meet with him regarding his case.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S.

312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra). Accordingly, Plaintiff's civil rights claims against Attorney J. Antonio Florence should be dismissed as frivolous.

**Dismissal and Release**

Furthermore, to the extent Plaintiff seeks dismissal of his charges and release from custody, his claims should be dismissed. Release from custody and dismissal of charges are not available through a civil rights action. See Davis v. Wyche, 5:17-CV-1230; Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, Plaintiff's civil rights claims should be dismissed as frivolous and for failure to state a claim on which relief can be granted.

**Assistant District Attorney Dale Montgomery**

Plaintiff names Assistant District Attorney Dale Montgomery as a defendant but fails to make any claims against him other than he presented negligent and erroneous information which resulted in violations of the U.S. Constitution and Louisiana Code of Criminal Procedure Articles. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly

recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of Assistant District Attorney Dale Montgomery, as quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties.

Furthermore, a Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff named Assistant District Attorney Dale Montgomery as a defendant and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims.

Accordingly, Plaintiff's civil rights claims against Assistant District Attorney Dale Montgomery should be dismissed with prejudice as frivolous.

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action and seeks monetary damages. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statues, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

Furthermore, Plaintiff has failed to state any claims against the State of Louisiana in his complaint and amended complaints. Accordingly, Plaintiff's claim against the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Bossier Parish**

Plaintiff names the Parish of Bossier as a defendant. However, in his complaint and amended complaints he makes no claims against the Parish of Bossier. Accordingly, Plaintiff's civil rights claims against the Parish of Bossier should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the 26th Judicial District Court, Judge Craig, ADA Montgomery, Attorney Florence, and the Parish of Bossier Be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e). **IT IS FURTHER RECCOMENDED** that Plaintiff's claims seeking the dismissal of the criminal charges/convictions and his immediate release be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted pursuant to Section 1983. **IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** because this court lacks subject matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of July, 2021.



Mark L. Hornsby
U.S. Magistrate Judge